WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Micael Yemane Mulugeta,<br><br>　　　　　　Plaintiff,<br><br>  vs.<br><br>C. Price, et al.,<br><br>　　　　　　Defendants. | No.  CV 14-00120-PHX-RCB (MEA)<br><br><br>**O R D E R** |

Plaintiff Micael Yemane Mulugeta, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss this action.

**I.　　Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.   Complaint**

In his three-count Complaint, Plaintiff sues the following Defendants: Maricopa County Sheriff's Office Intake Sergeant C. Price and Maricopa County Superior Court Commissioner Ronald J. Stien.

In Count One, Plaintiff alleges that he was denied his Sixth Amendment right to a fair and impartial jury of his peers. Plaintiff contends that Defendant Price engaged in "extreme extreme misconduct" when he "stood, pointed, and made discriminating, prejudicial, and bias[ed] statements." Specifically, Plaintiff claims Defendant Price stated that he was a Maricopa County Sheriff's Office sergeant, that he worked at the maximum security facility at the Fourth Avenue Jail, and that he knew Plaintiff from "having interactions with him." Plaintiff contends this was done to mislead people to have a negative impression of Plaintiff. Plaintiff alleges that Defendant Stien did not dismiss the entire jury pool and that allowing the potential jurors to hear this statement deprived Plaintiff of a "fair opportunity" and a jury of his peers.

In Count Two, Plaintiff alleges that he was denied his Fourth Amendment right "securing saf[et]y of papers." Plaintiff contends that his legal paperwork was withheld from him. Specifically, he claims he was told that his legal paperwork had been given to Defendant Price, but his legal paperwork was not provided to him and he attended jury selection and his trial without his legal paperwork. He claims that "the acts leading to the

conviction or verdict were highly inappropriate." He also contends that Defendant Stien "ordered sealing some material as well."

In Count Three, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. He asserts that Defendant Price "used knowledge of medical information relating to [Plaintiff's] psychological profile as a foundation to perform misconduct on his behalf." Plaintiff claims he is "unstable due to improper treat[]ment" and Defendant Price "attacks [Plaintiff's] mental disabilities by making misleading comments [about Plaintiff] to over sixty people." Plaintiff alleges that the comments were "very damaging" because "the sixty people for a majority are unknow[]n to [Plaintiff]" and "[a] first impression could not even be made on [Plaintiff's] own behalf from [Defendant] Price behaving in gross misconduct with support from [Defendant] Stien." Plaintiff claims the remarks gave a "premature convincing effect to a jury pool of potential jurors to not become a jury of [his] peers and of being guilty because of [Plaintiff's] presence and appe[a]rance." Plaintiff contends that Defendant Stien "continued the misconduct by not releasing that jury pool and using a different jury pool."

In his Request for Relief, Plaintiff seeks an "order vacating [his] second trial," an "order for a new trial," and for his Complaint to be referred to the United States Attorney General and an unidentified United States "Secr[eta]ry."

**IV.  Failure to State a Claim**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Moreover, "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the

target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff's Complaint fails to state a claim because Plaintiff is either challenging the validity of his confinement or conduct leading to his conviction. This is not the proper subject matter for a § 1983 action. Thus, the Court will dismiss this action.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 9th day of May, 2014.

Stephen M. McNamee
Senior United States District Judge